IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LOUIS MITCHAM, | No C 97-3825 VRW |
| Petitioner, | CAPITAL CASE |
| v | ORDER REGARDING PETITIONER'S RENEWED MOTION FOR LEAVE TO CONDUCT DISCOVERY |
| JILL BROWN, Warden, | |
| Respondent. | |

Petitioner has filed a renewed motion for leave to conduct discovery, requesting leave to serve his proposed Requests for Production of Documents and First Set of Interrogatories. Doc #313. Respondent opposes the motion.

On April 11, 2005, the court denied petitioner's motion for leave to conduct discovery and directed him to seek relief in state court pursuant to section 1054.9 of the California Penal Code. Subsequently, petitioner sought relief from the Alameda Superior Court. On March 13, 2006, the state court granted post-conviction discovery on eighteen of petitioner's proposed document requests, and denied relief as to requests 7, 7.1, 7.2, 7.3 (since withdrawn) and 20-30, and the First Set of Interrogatories, on the

ground that the proposed discovery was outside the scope of section 1054.9, which limits discovery materials to those in the possession of the prosecution and law enforcement authorities to which the defendant would have been entitled at time of trial. Mot, Ex A.

Petitioner now renews his motion for leave from this court to serve the requests for discovery on which the state court denied relief. The court finds the matter suitable for decision without oral argument. For the reasons discussed below, petitioner's motion is GRANTED IN PART and DENIED IN PART.

I

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See <u>Bracy v Gramley</u>, 520 US 899, 904 (1997). However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 USC § 2254, provides that the district court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" <u>Bracy</u>, 520 US at 908-09 (quoting <u>Harris v Nelson</u>, 394 US 286, 299 (1969)).

Before deciding whether a petitioner is entitled to discovery under Rule 6(a), the court must first identify the essential elements of the underlying claim. <u>Bracy</u>, 520 US at 904 (difficulties of proof aside, petitioner's allegation of judicial bias, if proved, would violate due process). The court must then

2

determine whether the petitioner has shown good cause for appropriate discovery to prove his claim. Id. The scope and extent of the discovery permitted under Rule 6(a) is a matter confided to the discretion of the district court. Id at 909.

II

In his renewed motion for discovery, petitioner proposes requests to produce files from the Alameda County Superior Court, the Alameda County District Attorney's Office, the Oakland Police Department, the Alameda County Sheriff's Office, the Alameda County Probation Office, the California Attorney General's Office, the California District Attorney's Association, and the California Department of Corrections. Petitioner further proposes to propound interrogatories on respondent seeking information about the practices of the Alameda County District Attorney's Office in cases eligible for the death sentence, and the county's procedures for appointing counsel in capital or homicide cases.

A

In document request 7, petitioner seeks training materials used by the Alameda County District Attorney's Office from 1977 to 1984 relating to methods, procedures and/or criteria for selecting jurors in criminal cases. In document request 7.1, he seeks such training materials used by that office "before and after the decision in People v Wheeler, 22 Cal 3d 258 (1978)," from 1974 to 1984, showing changes in the methods for selecting jurors. Petitioner contends that these requested documents are relevant to Claim D alleging race-based exclusion of African Americans from the

3

jury in violation of his constitutional rights under <u>Batson v Kentucky</u>, 476 US 79 (1986), and Claim P alleging ineffective assistance of counsel for failing to object on <u>Batson</u> grounds. See also Am Pet, Claim D at 46-47; Claim R at 209. Respondent's contention that the state supreme court denied relief on the <u>Batson</u> claim as procedurally defaulted does not preclude this court from granting discovery upon a showing of good cause.

<u>Batson</u> established a three-part test for evaluating claims that a prosecutor used peremptory challenges in violation of the Equal Protection clause. First, petitioner must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. 476 US at 96-97. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Id at 97-98. Third, the court must determine whether petitioner has shown purposeful discrimination. Id at 98.

To establish the first step under <u>Batson</u>, petitioner, who is African American, alleges that the prosecutor exercised peremptory challenges against fifteen jurors, eight of whom were African American, effectively removing "every African American who was called to the jury box." Am Pet, Claim D at 43. Petitioner also alleges that the prosecutor expressed to defense counsel his intention to strike three additional African American jurors if any of them were called to the jury box. Id at 44. Petitioner further alleges that no members of his race were among the twelve jurors or four alternate jurors. Id. For the purposes of this discovery motion, the court determines that such allegations may give rise to

4

an inference of discrimination, particularly if supported by additional evidence.

In opposition to the motion for leave to conduct discovery, respondent argues that petitioner was arrested in 1983 and tried in 1984, rendering overbroad his requests for prosecutorial training materials during the ten-year period before his trial. Respondent further argues that prosecutorial adherence to or divergence from training materials is irrelevant to whether the prosecutor's actual use of peremptory challenges at petitioner's trial violated his constitutional rights. The Supreme Court has held, however, that historical evidence of racial discrimination "is relevant to the extent it casts doubt on the legitimacy of the motives underlying the State's actions." Miller-El v Cockrell, 537 US 322, 336 (2003). There, the defendant presented evidence of the district attorney's policy to exclude minorities from jury service in the form of a circular instructing prosecutors to exercise peremptory strikes against "'Jews, Negroes, Dagos, Mexicans or a member of any minority race.'" Id at 334-35. The Supreme Court noted that although the manual had been written in 1968, it remained in circulation until 1976, or later, and was available to at least one of the prosecutors in the defendant's trial. Id at 335.

Here, petitioner has presented evidence that the Alameda County District Attorney's Office conducted professional training of its prosecutors, particularly on the impact of Wheeler, in which the California Supreme Court held that discriminatory use of peremptory challenges violated the right to an impartial jury under the state constitution. Mot, Ex B (Meehan Decl). The court deems

5

reasonable petitioner's request for prosecutorial training documents used as early as 1974, to show whether discriminatory practices existed before, or even after, <u>Wheeler</u> was decided in 1978. See <u>Miller-El</u>, 537 US at 347 (evidence suggested that prosecutors were aware of culture of discrimination).

In light of his allegations of discriminatory jury selection, petitioner has sufficiently demonstrated that his proposed requests for prosecutorial training materials are reasonably calculated to lead to the discovery of admissible evidence relevant to his allegations of racial discrimination in jury selection. Because an expanded record may show a prima facie <u>Batson</u> violation, shifting the burden of proof to respondent, petitioner has demonstrated good cause for discovery of evidence supporting his <u>Batson</u> claim. Petitioner's motion is therefore granted as to document requests 7 and 7.1.

B

Document request 7.2 calls for documents from the Alameda County District Attorney's Office relating to Superior Court Judge Golde. Petitioner asserts that the documents are relevant to Claim I of his federal habeas petition, alleging that Judge Golde made a comment ex parte to a juror about petitioner's failure to testify at trial.

To establish a judicial misconduct claim, petitioner must show that the trial judge's behavior "rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." <u>Duckett v Godinez</u>, 67 F3d 734, 740 (9th Cir 1995). Petitioner's request for the District Attorney's

6

Office's documents relating to Judge Golde is overbroad and is not reasonably calculated to lead to discovery of documents relevant to his claim that Judge Golde acted improperly at petitioner's trial. This matter is distinguishable from Bracy, where the petitioner alleged that the trial judge facilitated a conviction in the petitioner's trial in order to camouflage his own pattern of corruption in other cases where he accepted bribes. 520 US at 905-06. The Supreme Court noted that a general theory of judicial bias and corruption may have been too speculative to warrant discovery without more specific allegations to support Bracy's claim of actual bias in his own case: namely, that the trial judge had been convicted of taking bribes in other cases and that Bracy's trial counsel was a former associate of that judge whose law practice was familiar with corruption. Id at 909.

Here, by contrast, document request 7.2 is designed to uncover evidence of Judge Golde's misconduct in matters wholly unrelated to petitioner's due process claims that the judge made improper comments during petitioner's own trial. The possibility of uncovering evidence of Judge Golde's misconduct in other cases is too remote to prove that he committed misconduct in petitioner's case. As Petitioner has not shown good cause, his motion for leave to conduct discovery is denied as to document request 7.2.

C

Requests 20, 21, and 22 seek written standards for charging special circumstance and prosecuting capital cases used by the Alameda County District Attorney's Office, the state Attorney General, and the California District Attorneys Association since

7

November 8, 1978. Document requests 27 and 28 seek a list of defendants convicted of murder and voluntary manslaughter in Alameda County from 1978 to 2001 and each of their probation officers' reports. Interrogatories 1 through 4 request information relating to every homicide case prosecuted by the Alameda County District Attorney's Office from 1978 to 1984 in which there was probable cause to believe that one or more special circumstances existed. Petitioner contends that these discovery requests relate to Claim R alleging arbitrary prosecutorial decisions, Claim HHH alleging that the state's death penalty scheme does not assure rational and consistent application of the death penalty, and Claim III alleging that California's death penalty statute fails to meaningfully narrow the class of death-eligible crimes and permits imposition of the death sentence in an arbitrary and capricious manner. Petitioner relies in part on a 1997 study and subsequent declaration by Steven F. Schatz which purport to show that the special circumstances set forth in section 190.2 of the California Penal Code do not genuinely narrow the class of death-eligible crimes, and create a substantial risk of arbitrariness. See Mot, Ex D (Schatz Decl) ¶ 31.

As petitioner recognizes, Claims HHH and III are similar to the claims on which discovery has been granted in <u>Ashmus v Ayers</u>, C 93-0594 TEH (ND Cal) and <u>Frye v Ayers</u>, CIV S 99-0628 LKK KJM (ED Cal). While recognizing that petitioner's requests are limited to documents concerning capital cases prosecuted in Alameda County, rather than statewide, the court denies leave to conduct discovery without prejudice in the interest of judicial economy, and defers ruling on good cause for document requests 20, 21, 22,

8

27 and 28 and interrogatories 1, 2, 3 and 4 pending the outcome of litigation on the similar claims presented in <u>Ashmus</u> and <u>Frye</u>.

D

In request 23, as modified, petitioner seeks all documents used by the Alameda County District Attorney's Office or any other agency relating to prosecutorial misconduct or indiscretion within that office during the time period that prosecutor Albert Meloling was employed there. Petitioner contends that this request is relevant to his claims alleging prosecutorial misconduct at trial: Claims B, C, D, L, M, R, EE, GG, II, PP.

In order to prove his prosecutorial misconduct claims, petitioner must show that the prosecutor's misconduct rendered his trial so fundamentally unfair as to make the resulting conviction a denial of due process. <u>Darden v Wainwright</u>, 477 US 168, 178-81 (1986). Petitioner has not adequately demonstrated that his expansive request for all documents relating to misconduct by the District Attorney's Office would assist him in proving that it committed prosecutorial misconduct at his own trial. As petitioner has not demonstrated good cause, his motion for leave to conduct discovery is denied as to document request 23.

E

In document request 24, Petitioner seeks complaints and other documents concerning the competence of trial counsel Lincoln Mintz and Harry Traback in representing criminal defendants, contending that such documents are relevant to the following claims of ineffective assistance of counsel: A, P, W, Y, BB, GG, MM, RR.

9

Petitioner further contends that the state had a duty to disclose information about Mintz's or Traback's inability to competently represent petitioner, and seeks documentation to determine whether the state had such knowledge.

To prove his ineffective assistance claims, petitioner must meet the two-prong test under <u>Strickland v Washington</u>, 466 US 668 (1984). First, he must establish that counsel's performance was deficient, i e, that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i e, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694.

Request 24 is overbroad and not calculated to lead to the discovery of relevant evidence that would prove petitioner's claims of ineffective assistance of counsel. Neither the state's awareness of trial counsel's professional history, nor trial counsel's conduct in other cases, is relevant to counsel's performance at petitioner's trial. On the question of whether counsel's performance was deficient, the court only considers the reasonableness of counsel's conduct on the facts of petitioner's particular case, viewed as of the time of counsel's conduct. <u>Strickland</u>, 466 US at 690. As petitioner fails to show good cause for discovery, his motion is denied as to document request 24.

F

In document requests 25 and 26, petitioner seeks written guidelines and procedures for the appointment of counsel in

10

homicide or capital cases from 1980 to 1985, as well as lists of qualified counsel during the same period.  Interrogatories 5, 6 and 7 request information relating to appointment and payment of capital counsel by the Alameda County Superior Court.  Petitioner maintains these requests are relevant to Claims Q and P alleging ineffective assistance of trial counsel for failing to adequately investigate and prepare for both guilt and penalty phases of his trial.

To establish the relevance of his discovery requests, petitioner contends that court-appointed attorneys were not compensated for time spent on out-of-court preparation, and that Mintz failed to adequately prepare for petitioner's capital trial because of this compensation policy.  Petitioner has not demonstrated that the procedures of the Alameda County courts in selecting capital defense counsel are relevant to his claims that trial counsel were ineffective in his particular case, nor has he demonstrated that the information regarding selection and payment of counsel would tend to prove that his attorneys' actual performance fell below an objective standard of reasonableness in his case.  As petitioner has not demonstrated that the requested discovery would assist him in demonstrating an entitlement to relief, his motion for leave to propound document requests 25 and 26 and interrogatories 5-7 is denied.

G

Petitioner has withdrawn document requests 29 and 30 relating to Claim NNN, pending litigation in <u>Morales v Tilton</u>,

C 06-0219 JF RS. Petitioner shall adhere to the Federal Rules upon any further motion for leave to propound these requests.

III

For the foregoing reasons, petitioner's motion is granted as to document requests 7 and 7.1; denied without prejudice as to requests 20-22, 27 and 28 and interrogatories 1-4; and denied with prejudice as to requests 7.2 and 23-26 and interrogatories 5-7.

The court directs respondent to file a series of motions for summary judgment on any remaining claims. Respondent shall meet and confer with petitioner's counsel in order to group the claims according to trial phase, e g, pre-trial, guilt and penalty phase. Respondent shall file the first of these motions within 90 days of the date of this order. The court will set the filing dates of the remaining motions in future orders.

Petitioner shall file an opposition within 60 days of the date of service of respondent's motion. Respondent shall file a reply within 30 days of the date of service of petitioner's opposition. The parties shall adhere to the page limitations set forth in the court's local rules governing motion practice.

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
United States District Chief Judge