1

2

3

4

5

6

**FILED**

AUG 25 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

STEPHEN LOUIS MITCHAM

Case No C-97-03825 VRW

11

12

Petitioner,

v

ORDER REGARDING CLAIM D

13

14

15

VINCE CULLEN, Warden of
California State Prison at San
Quentin,

Respondent

16

17

18        On June 18, 2010, the court granted in part and denied in

19 part respondent's motion for summary judgment requesting dismissal

20 of nine guilt-phase claims, and instructed the parties to submit

21 further briefing in relation to claim D, petitioner's challenge to

22 the prosecutor's use of peremptories under Batson v Kentucky, 476

23 US 79 (1986).  As discussed below, the court finds claim D, with

24 the exception of its ineffective assistance of counsel subclaim,

25 waived.

26        In claim D, petitioner alleges that the prosecutor's use

27 of peremptory challenges to exclude all African-Americans from the

28 jury violated his constitutional rights.  Petitioner did not raise

1  an objection to the prosecutor's use of peremptory challenges at
2  trial, nor did he present this claim on direct appeal.  Rather, he
3  raised it for the first time in a state habeas petition.  The
4  Supreme Court of California denied it on the procedural ground that
5  it could have been, but was not, raised on direct appeal, a
6  procedural bar established in Ex Parte Dixon, 41 Cal 2d 756 (1953).

7          Respondent counters that petitioner waived claim D by
8  failing to raise an objection at trial.  Respondent is correct.

9          To raise a valid Batson claim on federal habeas review, a
10  petitioner must timely and properly object in state court to the
11  prosecutor's exercise of the peremptory challenges petitioner
12  wishes to challenge.  See, eg, Andrew v Collins, 21 F3d 612, 621
13  (5th Cir 1994) ("Andrews' failure to timely object at trial to the
14  prosecutor's use of his peremptory challenges is a constitutional
15  bar to his Batson challenge"); Thomas v Moore, 866 F2d 803, 804-05
16  (5th Cir 1989); Ruff v Armontrout, 77 F3d 265, 267 (8th Cir 1996);
17  McCrory v Henderson, 82 F3d 1243, 1249 (2d Cir 1996); see also
18  Williams v Calderon, 48 F Supp 2d 979, 997 (CD Cal 1998) ("Neither
19  the Ninth Circuit nor the United Supreme Court has squarely
20  addressed * * * how to resolve a Batson claim where trial counsel
21  failed to object.")  This principle finds expression in People v
22  Wheeler, 22 Cal 3d 258 (1978), in which the Supreme Court of
23  California noted that to raise a valid challenge to an opponent's
24  use of peremptory challenges, a party "must raise the point in a
25  timely fashion."  Id at 280.  The United States Supreme Court has
26  also characterized the requirement that Batson claims be raised
27  between the selection of the jurors and administration of their

28
                                    2

oaths as a "sensible rule." Ford v Georgia, 498 US 411, 422 (1991).

Indeed, failure timely to object to the use of peremptory challenges at trial makes appellate, and a fortiori, collateral review of a Batson claim difficult, if not impossible. As observed by the court in Williams,

> [A] "contemporaneous objection is especially pertinent as to Batson claims, where innocent oversight can so readily be remedied and an accurate record of the racial composition the jury is crucial on appeal." United States v. Pulgarin, 955 F2d 1, 2 (1st Cir. 1992). Unless the facts supporting the Batson claim are articulated at trial, "they are lost to the record and appellate review becomes impossible." United States v. Changco, 1 F.3d 837, 840 (9th Cir. 1993). The "'decision to exercise a peremptory challenge . . . is subjective; often the reasons behind that decision cannot be reasonably articulated.'" McCrory v. Henderson, 82 F.3d 1243, 1247 (2nd Cir. 1996) (quoting Thomas v. Moore, 866 F.2d 803, 805 (5th Cir. 1989)). The trial judge must rule on whether the prosecutor's justifications for the challenges are legitimate or are a subterfuge for discrimination. Given the often subtle reasons for the exercise of peremptory challenges, the trial court's ruling on the Batson claim may turn on the court's observations of the prospective jurors and the prosecutor. Id. at 1248

Williams, 48 F Supp 2d at 996-97.

The Ninth Circuit has, however, stated in *dictum* that "the defendant whose counsel fails to make a timely objection to a peremptory challenge merely forfeits the right to object and may argue on appeal that the peremptory challenge constituted plain error." Unites States v Contreras-Contreras, 83 F3d 1103, 1105 n1 (9th Cir 1996) (defendant's Batson claim, raised for the first time on direct appeal, was subject to plain error review). Contreras-Contreras, however, was a direct appeal case. Federal habeas challenges to state convictions "entail greater finality problems

3

1  and special comity concerns . . . [T]he burden of justifying
2  federal habeas relief for state prisoners is 'greater than the
3  showing required to establish plain error on direct appeal.'" <u>Engle</u>
4  <u>v Isaac</u>, 456 US 107, 134-35 (1982) (quoting <u>Henderson v Kibbe</u>, 431
5  US 145, 154 (1977)).

6       Because petitioner failed to object to the prosecutor's
7  exercise of peremptory challenges at trial, he has failed to
8  preserve his <u>Batson</u> claim for review on federal habeas.
9  Accordingly, summary judgment on claim D, with the exception of its
10  ineffective assistance of counsel subclaim, is granted.
11  Petitioner's surreply and respondent's response relating to claim D
12  should only address the ineffective assistance subclaim.

13

14       IT IS SO ORDERED.

15

16  DATED: 8/25/2010

VAUGHN R WALKER
17                                        United States District Chief Judge

18

19

20

21

22

23

24

25

26

27

28
                                4