UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN LOUIS MITCHAM<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTEL, Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No C-97-03825 JW<br><br>ORDER REGARDING APPLICATION OF <u>BATSON V. KENTUCKY, 476 U.S. 79 (1986)</u> TO CLAIM D |

Pursuant to the Court's Order of November 5, 2010, the parties have submitted briefs addressing the applicability of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), to the ineffective assistance of counsel subclaim of claim D of the petition. In <u>Batson</u>, the Supreme Court held that the Equal Protection Clause forbids the prosecution from challenging potential jurors solely on account of their race. <u>Id.</u> at 89. In his subclaim, petitioner alleges that trial counsel was ineffective for failing to challenge the prosecutor's use of peremptory challenges at trial.[1] As discussed below, the Court finds that <u>Batson</u> does not apply to petitioner's ineffective assistance subclaim.

---

[1] Petitioner did not present this challenge on direct appeal, but raised it in his state habeas petition. Lodged Ex. CC-1. The state court denied it solely on the procedural ground that it could have been, but was not raised on appeal. Lodged Ex. FF. Because the state court did not reach the merits of the ineffective assistance of counsel subclaim of claim D, this Court's review is not limited to the record that was presented to the state court. See <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1401 (2011).

To establish a right to habeas relief due to a violation of the Sixth Amendment right to the effective assistance of counsel, a petitioner must show that counsel's performance was deficient, and that counsel's errors were so serious as to deprive the defendant of a fair trial. Strickland, 466 U.S. 668 (1984). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. An assessment of an attorney's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Failure to anticipate a change in existing law does not amount to ineffective assistance of counsel." Ruff v. Armontrout, 77 F.3d 265, (8th Cir. 1996).

Pursuant to Strickland, petitioner's trial counsel's performance must be assessed based on the legal landscape existing at the time of petitioner's trial. 466 U.S. at 689. Petitioner was tried in 1984. Batson was not decided until 1986. Evaluating trial counsel's performance based on caselaw that had not yet been decided at the time of trial would run counter to Strickland's directive.

Petitioner argues that Batson applies to his case because it imposes the same obligations on counsel as did People v. Wheeler, 22 Cal. 3d 258 (1978), California's predecessor to Batson, decided six years prior to his trial. Wheeler held that the "use of peremptory challenges to remove prospective jurors on the sole ground of group bias violates the right to trial by a jury drawn from a representative cross-section of the community under article I, section 16, of the California Constitution." Id. at 276-77. Petitioner asserts that a Wheeler motion serves as an implicit objection under Batson, and that a petitioner who makes a Wheeler objection also preserves his federal constitutional claim. At issue here however, is an ineffective assistance of counsel claim, not a substantive Batson claim. Similarities between the standards of Wheeler and Batson notwithstanding, the governing law at the time of petitioner's trial was Wheeler, not Batson. Any similarity between the two cases does not obviate Strickland's requirement that counsel's performance be evaluated from counsel's perspective at the time of trial.

Petitioner further argues that Batson applies to his case under Griffith v. Kentucky, 479 U.S. 314 (1987). In Griffith, the Supreme Court held that Batson applies to all cases pending on direct review or not yet final when Batson was decided. Id. at 322. Petitioner's case was pending on appeal when Batson was decided. The rationale in Griffith however, does not support the application of Batson to petitioner's ineffective assistance of counsel subclaim. In Griffith, the Supreme Court reasoned that similarly situated defendants must be treated equally. Id. at 323. Therefore, "all defendants whose cases are pending on direct appeal at the time of a law changing decision should be entitled to invoke the new rule." Id. at 322. Petitioner however, would not have benefitted from Batson when it was decided because he did not raise a Batson or Wheeler claim on direct appeal. See, e.g., Thomas v. Moore, 866 F.2d 803 (5th Cir. 1989). Moreover, unlike the defendant in Griffith whose claim on appeal was a substantive challenge to the prosecutor's use of peremptory challenges at trial, petitioner is raising a claim of ineffective assistance of counsel. Nothing in Griffith supports the retroactive application of Batson to an ineffective assistance of counsel claim.      The Court has reviewed all of petitioner's arguments in support of the application of Batson to the ineffective assistance of counsel subclaim of claim D and finds that they lack merit. The Court concludes that Batson does not apply. Accordingly, the Court directs the parties to submit further briefing in relation to the subclaim, as previously ordered. Petitioner shall file a surreply within 45 days of the date of this Order. Respondent shall file a response within 45 days of the date of service of petitioner's surreply.

IT IS SO ORDERED.

DATED: October 4, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT COURT

3